Alan LINDGREN, Plaintiff—Appellant,

v.

PUBLIC STORAGE; Thomas Griner;
Jesus Benavides; Public Storage,
Inc., Defendants—Appellees.

No. 07–35588.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 10, 2008.

Filed Aug. 26, 2008.

Suzanne Chanti, Walters, Romm, Chanti & Dickens, PC, Jennifer J. Middleton, Chanti & Middleton, PC, Eugene, OR, for Plaintiff–Appellant.

Nena Cook, Elizabeth A. Semler, Sussman Shank, L.L.P., Portland, OR, for Defendants–Appellees.

Before: GOODWIN, PREGERSON, and REINHARDT, Circuit Judges.

MEMORANDUM *

Alan Lindgren sued his former employer, Public Storage, Inc., for violations of the Americans with Disabilities Act ("ADA"), federal Family and Medical Leave Act, and Oregon state law. Public Storage moved to dismiss and compel arbitration of Lindgren's claims. The district

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

court granted the motion to dismiss, holding that Lindgren bound himself to the terms of an arbitration agreement included in Public Storage's 1998 Employee Handbook. Lindgren moved for reconsideration, and the district court denied his motion. This appeal followed.

Approximately five months after Lindgren was hired, he signed a single page form which provided: "THIS AGREEMENT IS A WAIVER OF ALL RIGHTS TO A CIVIL COURT ACTION FOR A CLAIM ARISING OUT OF OR RELATED TO EMPLOYEE'S EMPLOYMENT WITH COMPANY, ONLY THE ARBITRATOR, AND NOT A JUDGE OR JURY, WILL DECIDE THE CLAIM OR DISPUTE[;]" and another which provided: "I have received a copy of the Employee Handbook and have read it. If I was not sure I fully understood a policy, I asked my supervisor to provide a further explanation. I agree to abide by all of the policies described in the Handbook."

In *Nelson v. Cyprus Bagdad Copper Corp.*, 119 F.3d 756, 761 (9th Cir.1997), this court concluded that a knowing agreement to arbitrate disputes, and waive a judicial determination, is required under federal civil rights statutes and parallel state statutes. An employee has not knowingly agreed to arbitrate when the forms he signs fail to notify him that an employee handbook contains an arbitration agreement, or that his signature on the forms require him to surrender his statutory right to a judicial forum for his civil rights claims. *See id.* Even though an employee acknowledges receipt of an employee handbook and agrees to read and understand the contents of it, he has not knowingly waived his right to a judicial determination. *See id.* We conclude that the two forms Lindgren signed did not effectuate a

knowing agreement to arbitrate his civil rights claims against Public Storage.

Lindgren testified that he received a copy of the 1998 Employee Handbook fourteen months after he was hired. Under *Nelson*, however, the date he received the handbook is irrelevant because an employer's "unilateral promulgation ... of arbitration provisions in an Employee Handbook does not constitute a 'knowing agreement' on the part of an employee to waive a statutory remedy provided by a civil rights law." *Id.* at 762. ("Any bargain to waive the right to a judicial forum for civil rights claims, including those covered by the ADA, in exchange for ... continued employment must at the least be express[.]").

Because the record does not reveal that Lindgren knowingly waived his right to litigate his civil rights claims, we reverse and remand so that the district court may consider the merits of his claims.

**REVERSED and REMANDED.**